UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                          No. 97-4413

PAUL J. PICKERING,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-26)

Submitted: March 3, 1998

Decided: March 23, 1998

Before HAMILTON, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gracelia R. Helring, GRACELIA R. HELRING, P.C., Arlington, Vir-
ginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Nancy S. Healey, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Paul J. Pickering was convicted pursuant to his guilty plea of one count of possessing child pornography (18 U.S.C. § 2252 (1994)) and a criminal forfeiture count (18 U.S.C.§ 2253 (1994)). Pickering alleges on appeal that the district court erred by denying his motion to suppress evidence obtained during a search of his home because the search warrant was not supported by probable cause. Finding no error, we affirm.

Customs agents arrested an individual suspected of dealing in child pornography. They discovered a list of names and addresses on his person. Pickering's name and post office box address were on this list.[1] Postal inspectors sent Pickering a solicitation letter offering to sell videotape "catalogs" depicting child pornography. The letter contained a card upon which Pickering could either place an order or request that his name be removed from the mailing list. Pickering ordered all three video catalogs, enclosed a check, and stated that he wanted the tapes delivered to his post office box address.

A local postal inspector ("Dexter") prepared two of the video catalogs for a controlled delivery to Pickering's post office box address. He also applied for and obtained a search warrant for Pickering's residence. In his affidavit in support of the search warrant, Dexter outlined his qualifications and stated that, in his experience, purchasers of child pornography tended to keep evidence of their activities in their homes. The warrant allowed inspectors to search Pickering's home between the hours of 6:00 a.m. and 10:00 p.m. The package containing the video catalogs was placed in Pickering's post office box every morning and removed every evening and was kept under constant surveillance.

_____

[1] Postal inspectors discovered that Pickering received almost all of his mail at his post office box address rather than at his home address. For purposes of this appeal, we will assume that all mail was delivered to Pickering's post office box address.

When Pickering did not pick up the box after approximately one week, inspectors sent him another letter stating that the order had been returned by the post office with no explanation and requesting Pickering to confirm his order since he had already paid for the tapes. Pickering replied that he wanted the tapes and again specified his post office box address as the delivery location. Meanwhile, Dexter discovered that Pickering frequently picked up his mail after midnight. Dexter applied for another search warrant, this time requesting that the warrant be valid anytime day or night.

Pickering eventually picked up the package containing the video catalogs one morning shortly after 5:00 a.m. Instead of taking the package directly home, however, he took it with him to work. Dexter called Pickering at work and ordered him to return home with the package so inspectors could execute the search warrant. Pickering complied, Dexter executed the search warrant, and Pickering was arrested. Additional evidence of child pornography was discovered in the search.

At trial, Pickering filed a motion to suppress all evidence seized in the search of his home. He alleged that there was no probable cause to support the warrant because the video catalogs were delivered to his post office box, rather than his home, and because there was no evidence that the tapes were on a sure and certain course to his home. The district court disagreed and denied the motion.

We accord "great deference" to the magistrate judge's assessment of the facts when making a probable cause determination. Illinois v. Gates, 462 U.S. 213, 236 (1983) (quoting Spinelli v. United States, 393 U.S. 410 (1969)); United States v. Blackwood , 913 F.2d 139, 142 (4th Cir. 1990). Our inquiry is limited to whether there was a substantial basis for the magistrate judge's conclusion that probable cause existed. See Blackwood, 913 F.2d at 142. There are no bright-line rules for making this determination; rather the magistrate judge must use common sense in deciding whether there is a fair probability that the evidence sought will be found in the place to be searched. See id. In the present case, we find that the district court conducted a proper

3

inquiry and correctly found that there was a substantial basis for the magistrate judge's probable cause determination. **2**

This court has held that anticipatory warrants are valid where the contraband is on a sure course to its destination. See United States v. Goodwin, 854 F.2d 33, 36 (4th Cir. 1988) (stating that mail is on a sure course to its destination when it is en route through the U.S. Mail to defendant's home); see also United States v. Cedelle, 89 F.3d 181, 186 (applying the Goodwin sure course analysis when the mail was being delivered to a mailbox facility separate from defendant's home). Pickering contends that there was no evidence to support the conclusion that he would take the tapes home. We disagree. Dexter stated in his affidavit that in his extensive experience investigating this type of crime, purchasers of child pornography generally kept evidence of their activities in their homes. Moreover, we agree with the district court's common sense conclusion that purchasers of child pornography are most likely to view their acquisitions in the privacy of their homes. Based on Pickering's correspondence with postal inspectors and Dexter's affidavit, we find that there was a substantial basis for the magistrate judge's conclusion that the video catalogs were on a sure course to Pickering's home and that it was probable that additional evidence of Pickering's illegal activities would be found there.**3**

_____

**2** We decline to address Pickering's contention that the district court erred by classifying the search warrant as "normal," as opposed to "anticipatory." Even applying the more stringent standards for anticipatory warrants, we find that probable cause existed to issue the warrant.

**3** We find Pickering's reliance on United States v. Barrington, 806 F.2d 529 (5th Cir. 1986), United States v. Ricciardelli, 998 F.2d 8 (1st Cir. 1993), and United States v. Hendricks, 743 F.2d 653 (9th Cir. 1984), misplaced. Barrington involved a "bare bones" affidavit supported only by the uncorroborated hearsay testimony of an unidentified confidential informant. See 806 F.2d at 532. The present affidavit was supported by Pickering's own correspondence and activities and Dexter's extensive experience. The warrant in Ricciardelli was invalidated because of certain ambiguities not present here. See 998 F.2d at 12 (noting that the warrant was not narrowly drawn to ensure an appropriate nexus between the item to be seized and its destination). Finally, Hendricks involved a controlled delivery of drugs, which could be used or distributed from anywhere, not just the home. See 743 F.2d at 654.

4

We therefore affirm Pickering's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED